# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| NEIGHBORFAVOR INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| HEY FAVOR, INC. | § | |
| | § | **JURY DEMANDED** |
| Defendant. | § | |
| | § | |
| | § | |

## COMPLAINT

Plaintiff NeighborFavor Inc. brings this complaint against Defendant Hey Favor, Inc.

### NATURE OF ACTION AND JURISDICTION

1.      This is an action for trademark infringement and counterfeiting, unfair competition and false designation of origin, and unjust enrichment under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Texas common law.

2.      This Court has subject-matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3.      Venue is proper in this District under 28 U.S.C § 1391(b)(1) because Defendant is deemed to reside in this District under § 1391(c)(2). Venue is also separately proper under § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

**PARTIES**

4. Plaintiff NeighborFavor Inc. is a Delaware corporation with an address of 2416 E. Sixth St., Austin, Texas 78702.

5. On information and belief, Defendant Hey Favor, Inc. is a Delaware corporation with an address of 411 Borel Ave., Ste. 100, San Mateo, California 94402.

**FACTS**

**A. Plaintiff and its FAVOR Business**

6. NeighborFavor Inc. ("Favor") is the creator, owner, and operator of a well-known mobile application and website for an on-demand delivery platform called FAVOR.

7. Favor's platform enables consumers to browse, order, pay for, track, and order for delivery to their homes and offices a variety of consumer products, including for example, toiletries, food, groceries, wine, and beer. Favor's platform also enables consumers to receive delivery of prescription medications, and Favor customers use and have used the service for that purpose on a regular basis.

8. Since at least as early as November 11, 2012, Favor has used the mark FAVOR in standard characters, stylized word, and word and design formats. In addition to the primary mark FAVOR, Favor also uses and has used other marks incorporating FAVOR, including FAVOR DELIVERY and FAVOR RUNNER. Favor's use of these various marks (together, the "FAVOR Marks") has been continuous, widespread within Favor's territories, and exclusive.

9.     Favor extensively markets and advertises its goods and services under the FAVOR Marks on Favor's website (https://www.favordelivery.com/), mobile application, and in other online and offline advertising.

10.    As a result of its widespread and extensive use of its FAVOR Marks, Favor has developed considerable goodwill, public recognition, and strong trademark rights. Consumers have come to know and trust the FAVOR Marks as designations of quality and consistency.

11.    As a result of Favor's commercial success and notoriety, the company has been profiled in numerous national news publications including *Forbes*, *Wired*, and CNBC.

12.    In addition to its strong and enforceable common law trademark rights, Favor owns numerous federal registrations with the U.S. Patent and Trademark Office (USPTO) for its FAVOR Marks, including two registrations for FAVOR, one registration for FAVOR DELIVERY, and one registration for FAVOR RUNNER (together, the "Favor Registrations"). U.S. Reg. Nos. 4,424,908; 6,001,531; 6,633,049; and 6,633,048.

13.    Each of the Favor Registrations is valid and subsisting, and Reg. No. 4,424,908 has obtained incontestable status under 15 U.S.C. § 1065.

14.    **Exhibit A** contains accurate copies of the registration certificates for the Favor Registrations.

**B.      Defendant's Unlawful Conduct**

15.      Defendant runs a business operating publicly under the infringing mark and name FAVOR.

16.      Defendant offers order-fulfillment and delivery services for medications, skin care products, and sexual wellness products, including but not limited to contraception.

17.      Defendant uses the infringing word mark FAVOR and the infringing stylized mark FAVOR, pictured below, on its products and services and on its marketing (together, the "Infringing Marks").



18.      Defendant previously operated under the trade name PILL CLUB for several years. In or around March 2022, Defendant publicly rebranded its business to FAVOR, despite Favor's longstanding and highly public prior use of that identical mark for closely related services. As of the date of this complaint, Defendant's website contains a prominent banner at the top of the main page stating, "PILL CLUB is now Favor."

19.      On December 6, 2021, Defendant filed an application on an intent-to-use basis for the word mark FAVOR with the USPTO, Ser. No. 97/157,510, covering "mail order pharmacy services; online ordering services featuring contraceptives and other birth control methods and devices . . . order fulfillment services" among other

services in Class 35, as well as "telemedicine services; dispensing of pharmaceuticals" in Class 44.

20.     Favor has not authorized Defendant's use of or application to register the Infringing Marks.

21.     Shortly after becoming aware of Defendant's infringement, Favor sent a cease-and-desist letter on May 11, 2022 objecting to Defendant's use of and application to register FAVOR. The letter advised Defendant of Favor's senior rights in the FAVOR Marks. **Exhibit B** contains an accurate copy of the letter.

22.     Defendant responded on June 3, 2022 with a letter denying any likelihood of confusion—despite Defendant's use of an identical mark for closely related services, and despite ongoing actual consumer confusion (discussed below).

## C.     Effects of Defendant's Unlawful Conduct

23.     Defendant's unauthorized use of and application to register the Infringing Marks is likely to cause confusion, to cause mistake, or to deceive customers and potential customers. Consumers and potential consumers are likely to believe that the parties are either the same company or affiliated in some way, when in fact they are not.

24.     The likelihood of confusion is particularly high because the parties' marks are identical and because the parties' services are closely related and, in some respects, identical (i.e., delivery services).

25.     The likelihood of confusion is also particularly high because Defendant's offerings and marketing travel in similar trade channels for purchase by the same or

similar consumers as Favor's. And specifically, both parties' offerings enable customers to order delivery of pharmacy and prescription medicine products.

26.     Favor has already encountered multiples instances of actual consumer confusion. For example, **Exhibit C** contains accurate copies of emails received by Favor's customer support from consumers plainly indicating actual confusion.

27.      In one such email, the consumer wrote, "I've been a member of The Pill Club for a few years, and remained such during the transition to Favor." The consumer goes on to describe how she tried to "login and see my account, but it doesn't appear to exist." The email contains sensitive information about the customer's specific prescription medications and dosages, which Favor has redacted from the exhibit (along with the customer's name) to protect her privacy.

28.     In a separate instance of confusion, the consumer wrote, "I had an account with pill club with this email. I am trying to get account access with your company now to cancel my subscription."

29.     That these customers revealed sensitive information to the wrong company because of their confusion arising from Defendant's infringing use of FAVOR makes these situations all the more troubling.

30.     Favor has also received communications from consumers who incorrectly assumed that Favor merged with or acquired Pill Club. For example, one consumer wrote to Favor by email, "I received an update text from the Pill Club about my monthly Rx shipment and it looks like you guys have merged."

31.     Similar incidents of confusion—including further instances of customers attempting to log in to the wrong website or unwittingly providing sensitive personal or medical information to Favor instead of to Defendant—are highly likely to repeat so long as Defendant maintains its infringing use of FAVOR.

32.     Defendant's use of and application to register the Infringing Marks enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense by Favor over the years. Defendant's use and application also allows Defendant to gain acceptance for its goods and services not solely on their own merits, but on the reputation and goodwill of Favor and its services.

33.     Defendant's infringement is and has been willful. On information and belief, Defendant was aware of Favor's prior use and registration of the FAVOR Marks, but Defendant nonetheless chose to change its name from PILL CLUB to FAVOR in or around March 2022. Defendant's continued use of FAVOR after receiving Favor's letter in May 2022, which emphasized Favor's senior and federally registered trademark rights, further underscores the willfulness of Defendant's infringement.

34.     Defendant's use of and application to register the Infringing Marks unjustly enriches Defendant at Favor's expense. Defendant has been and continues to be unjustly enriched by obtaining a benefit from Favor by taking undue advantage of Favor and its accumulated goodwill in its FAVOR Marks.

35.     Unless this Court restrains this conduct, Defendant will continue to cause irreparable injury to Favor and to the public for which there is no adequate remedy at law.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING OF REGISTERED MARKS
### (15 U.S.C. §§ 1114(1), 1116(d), and 1117(b)–(c))

36.     Favor repeats the allegations above as if fully set forth herein.

37.     Favor owns federal registrations for its FAVOR Marks. *See* Ex. A. One of the Favor Registrations, Reg. No. 4,424,908, has obtained incontestable status under 15 U.S.C. § 1065.

38.     Favor has clear priority in its FAVOR Marks. All of the filing dates, registration dates, and first-use dates for the Favor Marks predate Defendant's use of and application to register the Infringing Marks.

39.     Defendant's unauthorized use of the Infringing Marks is likely to cause confusion, to cause mistake, or to deceive.

40.     Defendant thus has infringed and is infringing Favor's registered trademark rights in violation of 15 U.S.C. § 1114(1).

41.     Defendant's actions have been deliberate, willful, intentional, or in bad faith, with full knowledge of and conscious disregard for Favor's rights, and with the intent to cause confusion and to trade on Favor's goodwill.

42.     In addition, because Defendant's infringement involves the use of counterfeit marks—*i.e.*, spurious marks identical with, or substantially indistinguishable from, Favor's registered FAVOR marks—Defendant is liable for the

enhanced anti-counterfeiting remedies provided by 15 U.S.C. §§ 1116(d) and 1117(b)
–(c).

### COUNT II: FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

43.     Favor repeats the allegations above as if fully set forth herein.

44.     Defendant's actions constitute willful unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

### COUNT III: COMMON LAW TRADEMARK INFRINGEMENT

45.     Favor repeats the allegations above as if fully set forth herein.

46.     Defendant's actions constitute willful trademark infringement in violation of the common law of the State of Texas.

### COUNT IV:  COMMON LAW UNFAIR COMPETITION

47.     Favor repeats the allegations above as if fully set forth herein.

48.     Defendant's actions constitute willful unfair competition in violation of the common law of the State of Texas.

### COUNT V:  REFUSAL TO REGISTER U.S. SER. NO. 97/157,510 (15 U.S.C. §§ 1052(d) and 1119)

49.     Favor repeats the allegations above as if fully set forth herein.

50.     Because this action involves registered marks, the Court has authority under 15 U.S.C. § 1119 to determine Defendant's right to federally register the Infringing Marks.

51.     Defendant has filed to register the infringing mark FAVOR, as described above. Defendant has no right to register that mark because it is likely to cause confusion with the FAVOR Marks.

52.     Registration is thus barred by 15 U.S.C. § 1052(d).

53.     Accordingly, the Court should enter an order certified to the Director of the USPTO to refuse registration of Defendant's pending application, Ser. No. 97/157,510, under 15 U.S.C. § 1119.

### COUNT VI: UNJUST ENRICHMENT

54.     Favor repeats the allegations above as if fully set forth herein.

55.     Defendant's actions constitute unjust enrichment of Defendant at the expense of Favor.

### PRAYER

Favor prays that:

a.      Defendant, its affiliated companies, corporate entities, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, be preliminarily and permanently enjoined from all use of the Infringing Marks and any other mark or design that is confusingly similar to any of the FAVOR Marks, including use of the Infringing Marks on Defendant's products and services.

b.      Defendant, its affiliated companies, corporate entities, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be required to deliver up and destroy any and all products bearing any of the Infringing Marks, all packaging, signage, advertisements, internet postings and advertisements for those products, and any other materials bearing or using the Infringing Marks or any other mark or design that is confusingly similar to any of the FAVOR Marks;

c.      Defendant be ordered to file with this Court and to serve on Favor, within 30 days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

d.      the Court issue an order certified to the Director of the USPTO ordering the refusal of Defendant's pending application to register the mark FAVOR, U.S. Ser. No. 97/157,510, under 15 U.S.C. § 1119;

e.      Favor be awarded all monetary remedies to which it is entitled for Defendant's infringement and counterfeiting, including but not limited to actual damages (trebled) and all profits realized by Defendant (adjusted upward as the Court deems just), under 15 U.S.C. § 1117(a) and (b) and common law;

f.      Favor be awarded statutory damages for Defendant's counterfeiting, if elected, under 15 U.S.C. § 1117(c);

g.      Favor be awarded its reasonable attorney's fees under 15 U.S.C. § 1117(a);

h.      Favor be awarded the costs of this action;

i.      Favor be awarded prejudgment and post-judgment interest; and

j.      Favor be awarded any other relief as the Court may deem appropriate.

## JURY DEMAND

Favor demands a jury trial on all issues trial by jury in accordance with Federal Rule of Civil Procedure 38(b).

Dated: June 24, 2022                    Respectfully submitted,


                                        /s/ *Travis R. Wimberly*
                                        Travis R. Wimberly
                                        State Bar No. 24075292
                                        Daniel S. Martens
                                        State Bar No. 24116722 (application for
                                        admission to the W.D. Tex. pending)
                                        PIRKEY BARBER PLLC
                                        1801 East 6th Street, Suite 300
                                        Austin, Texas 78702
                                        (512) 322-5200
                                        (512) 322-5201 (fax)
                                        twimberly@pirkeybarber.com
                                        dmartens@pirkeybarber.com

                                        *Counsel for Plaintiff*